Conway v. The Mayor, Aldermen and Commonalty of the City of New York.

MICHAEL CONWAY *against* THE MAYOR, ALDERMEN, AND COMMONALTY OF THE CITY OF NEW YORK.

(Decided June 5th, 1876.)

It is within the powers of the board of supervisors to employ a person to take charge of the county offices in the court house, and the expense incurred thereby is a legal county charge; but in an action to recover for such services, their value must be proved, where the compensation therefor has not been fixed by the resolution of the board of supervisors, and it is not sufficient proof of such value to show what the person performing the service has been paid by the county for former services of the same nature and extent.

APPEAL by defendant from a judgment in favor of plaintiff for $3,362 68, entered on the verdict of a jury rendered at trial term by direction of Judge VAN BRUNT.

The action was for salary as assistant janitor in the sheriff's office in the city of New York, at the rate of $1,200 per annum, payable monthly, from September 1, 1871, to January 1, 1874, and interest.

*Wm. C. Whitney,* for appellant.

*Elliott Sandford,* for respondent.

JOSEPH F. DALY, J.—The plaintiff rendered services from January 1, 1871, to January 1, 1874, in taking charge of four rooms on the lower floor of the county court house building, occupied by the sheriff for his public offices. He dusted the

walls and ceilings; took charge of the plumbing work, gas, and register; also of the stores, such as brushes, brooms, pails, and everything for the women to clean with; opened the offices every morning at four o'clock, closed them in the evening about ten or twelve o'clock; worked there fourteen or fifteen hours a day, repaired carpets, &c., &c. He was appointed by the board of supervisors January 1, 1871; received his orders from the janitor, and was paid $100 per month for eight months, up to September 1, 1871, when the comptroller refused to pay him anything more. On December 16, 1872, the committee on county officers of the board of supervisors of the county of New York reported to the board as follows: "The committee on county officers, to whom was referred the annexed resolution, respectfully report: "That having duly examined the claim of the party named therein, and being satisfied that he has performed the duties assigned him in a faithful manner for the time mentioned, and being deserving of the appointment and the balance of the salary now due him, your committee would recommend the adoption of the resolution. Resolved, that Michael Conway be, and he is hereby appointed as assistant janitor in the sheriff's office, in the place of Robert Smith, said appointment to date from January 1, 1871. D. D. Conover, James McLaren, William Joyce, Alexander Wilder, Thomas Coman, committee on county officers." The resolution was unanimously adopted by the board on December 16, 1872.

If the plaintiff was not employed before the date of that resolution, by any competent authority, or did not render the services up to date, with the acquiescence of the board or to their knowledge, I do not see how he can claim compensation for the period before the resolution. He swears he was appointed by the board on January 1, 1871, but in what manner does not appear. In his complaint he avers that the first appointment was irregular. If his appointment lacked some formality merely, the resolution of December 16, 1872, was a ratification and confirmation of it; but if he had no appointment whatever, it would not have a retroactive operation. At all events there is no proof that his compensation was fixed at any sum by the board, and a recovery without proof of the value of

The People of the State of New York v. Leask.

his services was unauthorized. If regularly employed he may recover what his services are reasonably worth (*People* v. *Supervisors of Delaware Co.* 45 N. Y. 202).

I regard the employment by the board of supervisors, of a person to take charge of the county offices in the court house, as within their powers, and the expense incurred thereby a legal county charge (*People* v. *Stout*, 23 Barb. 349; *Cogan* v. *The Mayor*, 5 Hun, 291; *Duffin* v. *Earle*, 46 How. 308; *Bright* v. *Sup'v'rs Chenango*, 18 Johns. 242, and 45 N. Y. 202, *supra*), but the value of the services rendered must be proved.

The judgment should be reversed, and a new trial ordered, costs to abide event.

CHARLES P. DALY, Ch. J., and VAN HOESEN, J., concurred.

Judgment reversed.